8109

### IN RE WILL OF RANSOM DICKS.

Appeal—Probate Court.—It is no error on part of Circuit Judge to dismiss an appeal from probate court which had been on the Circuit docket for five terms, during which time appellants had done nothing to perfect the appeal except to serve notice and exceptions. Certified copies of record and proceedings should be filed in Circuit Court in reasonable time.

Before Shipp, J., Sumter, July, 1911.    Affirmed.

In the matter of the will of Ransom Dicks. Petitioners, Ransom Dicks *et al.,* appeal.

*Mr. L. D. Jennings,* for appellant, cites: *When return should be filed:* 35 S. C. 420.

*Messrs. Lee & Moise,* contra, cite: *Appellants having failed to perfect the appeal, it was properly dismissed:* Code of Proc. 57, 58, 61; 35 S. C. 417; 72 S. C. 387; 61 S. C. 392. *Pending appeal probate court had no jurisdiction to grant administration:* 63 S. C. 131.

March 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal taken from the order of Judge Shipp dismissing an appeal from the probate court of Sumter county and affirming the judgment of the probate court in this cause.

The facts are that Ransom Dicks died in 1906, and shortly after his death two of his children, Ransom Dicks, Jr., and Rosé Willis, presented an alleged will to the judge of probate, and the same was proven in common form, the alleged will being filed October 11, 1906. This alleged will devised all of his property to these two children. Subsequently, on October 31, 1906, David Dicks, Kate Brunson and Abram Dicks, three children of the deceased, petitioned the judge of probate, praying that the court require Ransom Dicks, Jr., and Rose Willis to prove the said will in due and solemn form of law. Thereupon, due notice was given by the judge of probate that he would require said alleged will proven in due and solemn form of law on August 15, 1907. Nothing was done in pursuance of this notice, and a rule to show cause was served on Ransom Dicks, Jr., and Rose Willis why they should not be attached for contempt in not proceeding to prove the said alleged will, in accordance with the order of the judge of probate. Afterwards, about March 7, 1908, an action

was commenced in the court of probate to prove the alleged
will in due and solemn form.    After taking testimony and
hearing argument the judge of probate, on July 1, 1909,
made his decree, adjudging and holding that the said
alleged will was a forgery and refused to admit it to pro-
bate.    On the same day a formal written notice of the
filing of the decree was given to Ransom Dicks, Jr., and
Rose Willis.    On July 8, 1909, the appellants served notice
of appeal, and grounds thereof, upon the respondents, stat-
ing that they intended to appeal from the court of probate
to the Court of Common Pleas for the county of Sumter.
Nothing further was done to perfect the appeal.    The
appellants failed to file in the Circuit Court a certified copy
of the record of the proceedings appealed from, or the
grounds of appeal, or the proper evidence, that notice had
been given to the adverse parties according to law.    The
appellants having taken no steps whatever to perfect their
appeal, and five terms of the Court of Common Pleas for
Sumter county having passed since the notice of intention
to appeal was served, the respondents served on the appel-
lants, on February 28, 1911, a notice that they would move
to have the said appeal dismissed.    Upon hearing the
motion upon this notice, Judge Shipp dismissed the appeal,
and affirmed the judgment of the court of probate.

There is only one question involved in this appeal.    Did
his Honor, Judge Shipp, err in making this order?    Notice
of the filing of decree in probate court was given appel-
lants on July 1, 1909, and on July 8, 1909, notice of inten-
tion to appeal therefrom and grounds of appeal were duly
served upon respondents, and no further steps were taken
to perfect the appeal until February 28, 1911, when attor-
neys for respondents served notice upon the appellants that
they would move on March 20, 1911, or as soon thereafter
as counsel could be heard, to dismiss the appeal on the
grounds that the petition had not been filed in the Circuit
Court in the time required by law.    After this notice on

March 10, 1911, the attorneys for appellants filed a certified copy of the proceedings appealed from and the grounds of appeal filed in probate court, together with proper evidence that notice had been given adverse party according to law. The Court of Common Pleas had convened five times since July 1, 1909. Judge Shipp passed his order July 20, 1911. It is unnecessary to decide whether or not it was necessary for appellant to file a certified copy of record and proceedings, etc., appealed from before the next stated session of the said Court of Common Pleas, after such appeal is taken. But we do say that this must be done within a reasonable time, and to let five terms of Court convene without doing this is unreasonable. Notice was given on February 28, 1911, that on March 20, 1911, a motion would be made to dismiss the appeal. This motion was not heard until July 20, 1911, and during all this time, and at the hearing, no effort was made or urged by the appellants to be relieved under secs. 339 and 349, Code of Laws of South Carolina, vol. II, and there was no error on part of Circuit Judge in dismissing appeal.

The judgment is affirmed.

MR. JUSTICE FRASER *did not sit in this case.*